## Case No. 15,979a.

### UNITED STATES v. OWNERS OF THE UNICORN.

[3 Am. Law J. 188.]

District Court, D. Maryland.    Feb. 12, 1796.

NEUTRALITY LAWS — FITTING OUT PRIVATEERS — EVIDENCE—LIABILITY OF OWNER FOR ACTS OF MASTER.

[1. Where it is claimed that defendant fitted out a privateer in his country, contrary to the act of June, 1794 (1 Stat. 381), it must appear affirmatively, in order to convict him, that the equipment was within the United States; that defendant caused such equipment to be made, or was knowingly concerned in it; and that the intent of the equipment was to commit hostilities on nations with whom the United States were at peace.]

[2. A French citizen, transiently within the United States, cannot be criminally prosecuted for piracies and robberies committed by the captain of a privateer, owned by him, upon neutral vessels.]

In admiralty.

WINCHESTER, District Judge. The owners of the privateer Unicorn, falsely called Sansculotte Laveaux, if liable to punishment in the United States, can only be prosecuted under the act of congress of the 5th of June, 1794 [1 Stat. 381], by the third section of which law it is provided, "that if any person shall within any of the ports, harbours, bays, rivers, or other waters of the United States, fit out and arm, or attempt to fit out and arm, or procure to be fitted out and armed, or shall knowingly be concerned in the furnishing, fitting out or arming of any ship or vessel with intent that such ship or vessel shall be employed in the service of any prince or state" to commit hostilities upon nations with whom the United States are at peace, such offence is declared to be a high misdemeanor, and subjects the party convicted to a fine not exceeding 5000 dollars, and imprisonment not exceeding three years. The offence designated by this law was, anterior to the passage thereof, a high offence against the sovereignty of the United States, and in contravention of the law and usages of independent neutral nations. But the difficulties which must ever exist in a government of limited and specified powers, in applying the punishment to the infraction of a law which created no specific penalty, as well as the doubts on the question, where does the sovereignty (as applied to the government) of the United States reside? induced the necessity of providing by an ordinary act of legislation for the punishment of such cases. The owner of the Unicorn must therefore be considered as having violated a civil law of the United States and will incur its penalties on a conviction according to the accustomed form of judicial proceeding. The evidence to establish his guilt must be of affirmative acts corresponding to the provisions of the law, to wit: that the equipment was within the United States; that he caused such equipment to be made, or was knowingly concerned in it; and lastly, that the intent of the equipment was to commit hostilities on nations with whom the United States are at peace. The evidence must be disclosed in court before a jury of the country who are to be his judges. The sentence of General Laveaux would not be admissible in our courts, inasmuch as he was not a party in the proceeding, and because according to our law it would be the highest iniquity to bind a man by a sentence which he had not the opportunity to controvert; besides it passed on a different question. On that trial there was no question as to the infraction of a civil law of this country. The same evidence which would be sufficient for the conviction of the owner would be enough to convict Americans concerned with him.

Question. Is the owner of the ship Unicorn responsible for the piracies and robberies exercised by his captain upon neutral vessels? Are there any laws of the United States which sanction that responsibility, and can he be prosecuted on those grounds?

Answer. Under the particular circumstances of this case, I am inclined to think that the owner of the Unicorn cannot be prosecuted criminally as for piracy and robbery. As a French citizen, transiently within the United States, he owed nothing but obedience to the laws of order and good government within the nation. He remained a French citizen, and although there may have been flagrant outrages committed on neutral vessels, they could only be considered as civil trespasses resulting from acts which were to them unlawful, as being an excess of the authority under which they acted.

There is no particular law of the United States on the subject. The only responsibility which exists is to answer in damages for the injury sustained. These can only be recovered by actions to be commenced by the individuals whose property was attacked and injured.